IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| KHARAILAH S. HOUMADI,                )<br>                                      )<br>        Plaintiff,                   )<br>                                      )<br>v.                                    )   Civil Action No. 1:14-cv-997<br>                                      )<br>U.S. BANK NATIONAL ASSOCIATION,)<br>AS TRUSTEE FOR BEAR STEARNS      )<br>ASSET BACKED SECURITIES I        )<br>TRUST 2006-AC4 ASSET-BACKED      )<br>CERTIFICATES SERIES 2006-AC4,    )<br>                                      )<br>        Defendant.                 )  | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant U.S. Bank National Association, As Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC4 Asset-Backed Certificates Series 2006-AC4's ("Defendant's") Motion to Dismiss. Because Kharailah Houmadi's ("Plaintiff's") current claim relitigates a claim he previously brought before this Court and because relief cannot be granted on his current claim irrespective of any previous claim, his claim must be dismissed.

I

On April 28, 2006, Plaintiff entered a loan agreement with B.F. Saul Mortgage Company ("B.F. Saul") in which he executed a promissory note ("Note") to repay $428,000 for the purchase of a residence located at 3429 Washington Drive, Falls Church,

Virginia 22041 ("Property"). The Note was secured by a deed of trust that named Brenda Baker and Peter Cameron, Jr. as trustees and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.

Paragraph 20 of the deed of trust authorizes sale of the Note and Paragraph 24 authorizes appointment of successor trustees. By August 2010, Defendant was both noteholder and beneficiary, replacing B.F. Saul and MERS, respectively. He subsequently appointed Samuel I. White, P.C. ("SIWPC") as substitute trustee and instructed SIWPC to initiate foreclosure proceedings after Plaintiff fell into arrears on his loan payments.

In an attempt to prevent foreclosure by SIWPC, Plaintiff filed a claim in the Circuit Court of Fairfax County on July 1, 2014, seeking: a) a declaratory judgment that neither Defendant nor SIWPC could legally foreclose on the Property; b) a declaratory judgment that any foreclosure of the Property would be void or voidable; and c) a declaratory judgment that Plaintiff is not responsible for any costs associated with foreclosure. Defendant removed to this Court on August 5, 2014 and moved to dismiss on August 11, 2014.

On August 21, 2012, Plaintiff filed a comparable claim against Defendant. In fact, the current complaint is a near-

verbatim copy of the 2012 complaint, but with updated dates.[1] That claim was filed in the Circuit Court of Henrico County before it was removed to this Court's Richmond Division. Following a settlement agreement, the case was dismissed with prejudice on September 25, 2012.

## II

*Res judicata* "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. ___, 131 S. Ct. 1723, 1731, 179 L. Ed. 2d 723 (2011) (internal quotation marks omitted); see also Va. Sup. Ct. R. 1:6. The doctrine ensures litigants only get one "bite at the apple" to try a case. See Carmichael v. Sebelius, No. 3:13-cv-129, 2013 WL 5755618, at *6 (E.D. Va. 2013).

> Under Virginia law, to establish res judicata, the defendants must show: (1) that the prior judgment is a final and valid judgment; (2) that the parties are identical or are in privity with each other; and (3) that the claim made in the subsequent lawsuit arises out [of] or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based.

Id. (citing Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust, 833 F.Supp.2d 552, 558 (E.D. Va. 2011). The party asserting *res judicata* as a defense must prove by a

---

1 Plaintiff's complaint contains 48 paragraphs. Aside from updated dates, 47 of the paragraphs are identical to the 2012 complaint. While Paragraph 38 in the 2014 complaint is one sentence shorter than its 2012 counterpart and Paragraph 40 of the 2012 complaint was omitted in the 2014 version, these differences all relate to potential foreclosure dates. Aside from these *de minimis* changes, the 2014 complaint is a carbon copy of the 2012 complaint.

preponderance of the evidence that a claim is precluded by a prior judgment. See Q Int'l Courier, Inc. v. Smoak, 441 F.3d 214, 219 (4th Cir. 2006).

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. Pro se plaintiffs' complaints "must be held to less stringent standards than formal pleadings drafted by lawyers," but they still must provide grounds for entitlement to relief using "more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Thigpen v. McDonnell, 273 Fed. App'x 271 (4th Cir. 2008) (unpublished).

### III

Plaintiff's claim is barred in its entirety by *res judicata*. The 2012 judgment of dismissal with prejudice was final and valid; the parties in both claims are identical; and

Plaintiff's 2014 claim arises out of the same loan agreement as his 2012 claim. Moreover, Plaintiff's claim is virtually indistinguishable from the claim he filed in 2012; the facts, legal theories, and requested relief are all identical.

In cases like this, where the Plaintiff's earlier action was dismissed in accordance with a settlement agreement, the principles of res judicata are "modified." United States ex rel. May v. Purdue Pharma, L.P., 737 F.3d 908, 913 (4th Cir. 2013). Specifically, "the preclusive effect of a judgment based on [a settlement agreement] can be no greater than the preclusive effect of the agreement itself." Id. Here, however, Plaintiff's claim cannot be saved by any amount of modification to res judicata. The repetition of Plaintiff's 2012 claim in his 2014 claim, not the terms of the 2012 settlement agreement, controls this Court's application of res judicata here. Whatever preclusive effect the 2012 settlement has, it certainly bars Plaintiff from filing an exact copy of the 2012 claim two years later.

Even if Plaintiff's claim is not barred by res judicata, it must be dismissed because it does not state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). This type of "show me the noteholder's authority" claim is contrary to well-established Virginia law providing for non-judicial foreclosure. See Horvath v. Bank of New York, N.A., 641 F. 3d. 617, 619 (4th

Cir. 2011) (plaintiff's theory that only original noteholder was authorized to foreclose "[ran] counter to centuries of Virginia law."); Va. Code § 55-59(7).

At bottom, Plaintiff's claim challenges Defendant's authority to direct SIWPC to foreclose on the Property. However, because the Note authorized B.F. Saul and MERS to transfer their interests to Defendant, and because the deed of trust authorized Defendant to name SIWPC as substitute trustee, Plaintiff may not now require either party to prove its standing to foreclose. Virginia law permits a trustee to foreclose in the event of default in the payment of a secured debt, Va. Code Ann. § 55-59(7), and it is undisputed that Plaintiff was in default on his loan payments. His attempt to block foreclosure fails under both Virginia law and the terms of the loan agreement he entered. Therefore, he has failed to state a claim upon which relief may be granted, and his claim must be dismissed in its entirety. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 26, 2014